**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| Wolverine Barcode IP LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 7:25-cv-405 |
| Paysafecard.com USA Inc., | § § § | JURY TRIAL DEMANDED |
| *Defendant*. | § § § | |

**<u>DEFENDANT PAYSAFECARD.COM USA INC.'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(3)</u>**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND ................................................................................................................... 2

III. LEGAL STANDARD ........................................................................................................... 4

IV. VENUE IS IMPROPER FOR PAYSAFECARD.COM IN THIS DISTRICT ................... 5

    A. Paysafecard.com Does Not Reside in the Western District of Texas ...................... 6

    B. The Accused Service Does Not Infringe in the Western District of Texas ............ 6

    C. Paysafecard.com Does Not Have a Regular and Established Place of Business in the Western District ................................................................................................ 6

V. CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andra Grp., LP v. Victoria's Secret Stores, LLC*,
  6 F.4th 1283 (Fed. Cir. 2021) ...................................................................................1, 4

*In re Cray Inc.*,
  871 F. 3d 1355 (Fed. Cir. 2017)............................................................................4, 5, 6, 9

*In re Google LLC*,
  949 F.3d 1338 (Fed. Cir. 2020)..................................................................................5, 8

*GreatGigz Solutions, LLC v. ZipRecruiter, Inc.*,
  No. W-21-CV-00172-ADA, 2022 U.S. Dist. LEXIS 24670 (W.D. Tex. Feb.
  11, 2022) .........................................................................................................................7

*S3G Technology LLC. v. Domino's Pizza LLC*,
  No. 6:24-CV-00395-OLG-DTG, 2025 U.S. Dist. LEXIS 195516 (W.D. Tex.
  Sep. 3, 2025) ................................................................................................................5, 8

*Schnell v. Peter Eckrich & Sons, Inc.*,
  365 U.S. 260, 81 S. Ct. 557 (1961)..................................................................................4

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  581 U.S. 258 (2017)................................................................................................1, 4, 6

*In re: Volkswagen Grp. of Am., Inc.*,
  28 F.4th 1203 (Fed. Cir. 2022) .......................................................................................1

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018).......................................................................................4

**Statutes**

28 U.S.C. § 1400................................................................................................ *passim*

28 U.S.C. § 1404................................................................................................................2

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(3) ..........................................................1, 4

PaysafeCard Availability of Products,
  https://www.paysafecard.com/fileadmin/Website/Dokumente/B2B/availability
  -of-products-en.pdf ........................................................................................................6

U.S. Patent No. 9,280,689............................................................................................................2, 6

**CONCISE STATEMENT**

Whether the Court should dismiss Plaintiff's First Amended Complaint under Rule 12(b)(3) of the Federal Rules of Civil Procedure because Defendant Paysafecard.com USA, Inc. does not meet the factors required to support venue under 28 U.S.C. § 1400 and related jurisprudence. *See, e.g.*, *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 269 (2017), *In re: Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203 (Fed. Cir. 2022); *Andra Grp., LP v. Victoria's Secret Stores, LLC*, 6 F.4th 1283 (Fed. Cir. 2021). Specifically, Paysafecard.com (1) does not reside in the Western District of Texas; (2) does not have a regular and established place of business in the Western District of Texas; and (3) has not committed the alleged acts of infringement in the Western District of Texas.

## I. INTRODUCTION

Defendant Paysafecard.com USA, Inc. ("Paysafecard.com" or "Defendant") once again moves to dismiss Plaintiff Wolverine Barcode IP LLC's ("Wolverine") First Amended Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

Paysafecard.com does not reside in this District and is a Delaware corporation with its principal place of business in Jacksonville, Florida. Ex. A, Declaration of Neil Schnurbach at ¶ 2. Thus, Wolverine can only prove proper venue if Defendant has committed the alleged acts of infringement and has a regular and established place of business in the Western District of Texas. 28 U.S.C. § 1400(b). Wolverine cannot meet this burden.

Paysafecard.com has not committed any acts of infringement in the Western District of Texas, because the accused service is not available in the United States. Ex. A at ¶ 9. Nor does Paysafecard.com have a "regular and established place of business" in the Western District of

1

Texas. Paysafecard.com does not run, operate, own, manage, or control any business in the district, and has no employees in the district. Ex. A at ¶¶ 3-8. Thus, venue in this Court is improper.

Wolverine's First Amended Complaint again alleges that venue is proper based on two locations it alleges are related to Paysafecard.com: (1) "a regular and established place of business at 1725 Hughes Landing Blvd, Ste 11, Spring TX 77380;" and (2) "a payment processing location at Paysafe Payment Processing Solutions, P.O. Box 8339, The Woodlands, TX 77387-8339." FAC at ¶ 2. Both of these locations were: (1) inactive at the time the Complaint was filed; (2) run or otherwise managed by a sister company of Paysafecard.com; and (3) in the *Southern District* of Texas. As such, venue is improper, and Paysafecard.com moves to dismiss this case under §1404. In addition, a P.O. Box cannot serve as a regular and established place of business for establishing patent venue.

## II.  BACKGROUND

On September 4, 2025, Wolverine filed suit in the Western District of Texas alleging that Paysafecard.com's Scan2pay service infringes "one or more of claims 1-3" of U.S. Patent No. 9,280,689 (the "'689 Patent") titled "Method and Apparatus for Doing Offline Commerce Transactions." Compl. at ¶ 6; Ex. B. Paysafecard.com is a Delaware corporation with its principal place of business in Jacksonville, Florida. Ex. A at ¶ 2. The accused service, Scan2pay, is not available in the United States. *Id*. at ¶ 9.

On November 17, 2025, Defendant Paysafecard.com USA, Inc. ("Paysafecard.com" or "Defendant") moved to dismiss pursuant to Fed. R. Civ. P 12(b)(3) for improper venue, showing that Paysafecard.com (1) does not reside in the Western District of Texas; (2) does not have a regular and established place of business in the Western District of Texas; and (3) has not committed the alleged acts of infringement in the Western District of Texas. (Dkt. 13).

Wolverine's response to Defendant's motion to dismiss was due on December 1, 2025. Instead of filing a response, Wolverine filed its First Amended Complaint ("FAC") (Dkt. 17). As can be seen from the redline comparison attached as Exhibit B, the First Amended Complaint is substantially identical to the original Complaint. Wolverine has not made any new allegations regarding venue nor has it even attempted to remedy the deficiencies in its original Complaint. In fact, only a few typos in the original Complaint were corrected. Wolverine clearly filed the First Amended Complaint in order to cause unnecessary delay and to needlessly increase the cost of litigation.

Once again, Wolverine alleges that venue is proper in the Western District of Texas because Paysafecard.com: "has committed acts of infringement and has a regular and established place of business in this District." FAC at ¶ 5. In support of this statement, Wolverine lists two addresses that it inaccurately alleges are the regular and established places of business of Paysafecard.com: "1725 Hughes Landing Blvd, Ste 11, Spring TX 77380;" and (2) "P.O. Box 8339, The Woodlands, TX 77387-8339." FAC at ¶ 2.

The facility that Wolverine lists as being in Spring, Texas was actually in The Woodlands, Texas: 1725 Hughes Landing Blvd., The Woodlands, Texas 77380 (the "Woodlands Facility"). Ex. A at ¶ 4. This office was operated by Paysafe Payment Processing Solutions LLC, a sister company of Paysafecard.com, and was closed on July 31, 2023 – over two years before the Complaint was filed. In addition, the Woodlands Facility was located in Montogomery County, which is in the Southern District of Texas. https://www.txs.uscourts.gov/offices/houston-division.

The second facility listed by Wolverine is P.O. Box 8339, The Woodlands, TX 77387-8339 (the "P.O. Box"). This P.O. Box was rented by Paysafe Payment Processing Solutions LLC, a sister company of Paysafecard.com, and was closed before this Complaint was filed. Ex. A at ¶

7. The P.O. Box was also located in Montgomery County, which is in the Southern District of Texas. https://www.txs.uscourts.gov/offices/houston-division.

Wolverine also uses boilerplate language to allege that jurisdiction is proper in the Western District because Paysafecard.com allegedly "conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District." FAC. at ¶ 5.

### III.    LEGAL STANDARD

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides for dismissal when venue is improper. This venue requirement "is specific and unambiguous; it is not one of those vague principles which, in the interests of some overriding policy, is to be given a liberal construction." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264, 81 S. Ct. 557, 560 (1961); *Andra*, 6 F.4th at 1287. In patent cases, venue should be applied restrictively and not be given a liberal application. *In re Cray Inc.*, 871 F. 3d 1355, 1361 (Fed. Cir. 2017).

Under 28 U.S.C. § 1400(b), proper venue for a patent infringement action is the judicial district where the defendant: (1) "resides;" or (2) "has committed acts of infringement ***and*** has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added). Plaintiff bears the burden of establishing that venue is proper under either the first or second prong of § 1400(b). *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) ("[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue.").

For the first prong, the Supreme Court has held that a corporation resides "only in its State of incorporation." *TC Heartland*, 581 U.S. at 262-63. For the second prong, a defendant has a

regular and established place of business when three requirements are met: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be a place of the defendant." *In re Cray*, 871 F.3d at 1360. In addition to a regular, physical place of the defendant in the district, a place of business generally requires an employee or agent of the defendant to be conducting business at that place. *In re Google LLC*, 949 F.3d 1338, 1344 (Fed. Cir. 2020).

This requires more than the minimum contacts necessary to establish personal jurisdiction. Doing business in the district cannot, by itself, support a finding of venue in a patent case. *In re Cray*, 871 F.3d at 1361 ("the regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue provision"). There must be a physical location where "an employee or agent of the defendant [is] conducting the defendant's business." *S3G Technology LLC. v. Domino's Pizza LLC*, No. 6:24-CV-00395-OLG-DTG, 2025 U.S. Dist. LEXIS 195516, at *5 (W.D. Tex. Sep. 3, 2025) (citing *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020) (Finding contract server owned by Google but run by ISPs to not be Google's regular and established place of business.)).

## IV.     VENUE IS IMPROPER FOR PAYSAFECARD.COM IN THIS DISTRICT

In order to prove that venue is proper in the Western District of Texas, Wolverine must show that Paysafecard.com either resides in the Western District of Texas or has committed an act of infringement ***and*** has a regular and established place of business in the Western District of Texas. Wolverine still cannot make the required showing because Paysafecard.com does not reside in the Western District, has not committed infringement in the Western District, and does not have a regular and established place of business in the Western District.

### A. Paysafecard.com Does Not Reside in the Western District of Texas

Paysafecard.com does not reside in the Western District of Texas, and therefore venue is improper under the first prong of 28 U.S.C. § 1400(b). In *TC Heartland*, the Supreme Court held that a corporation resides only in the state in which it is incorporated. *TC Heartland*, 581 U.S. at 269-70. Here, Paysafecard.com is incorporated in Delaware, so it does not reside in the Western District of Texas. Ex. A at ¶ 2.

Since Paysafecard.com does not reside in Texas, Wolverine can only establish venue by proving it both committed an act of infringement ***and*** has a regular and established place of business in the Western District of Texas. That is not possible, both because Paysafecard.com has not committed infringement in the Western District of Texas and does not have a regular and established place of business in this District.

### B. The Accused Service Does Not Infringe in the Western District of Texas

Wolverine alleges that Paysafecard.com's Scan2pay service infringes the '689 Patent. Comp. at Ex. B. For venue to be proper in the Western District, the service must infringe in the Western District. That is not possible here, because Scan2pay is not available in the United States. PaysafeCard Availability of Products, https://www.paysafecard.com/fileadmin/Website/ Dokumente/B2B/availability-of-products-en.pdf; Ex. A at ¶ 9. Without infringement in the district, Wolverine cannot meet its burden of showing that venue is proper in this district.

### C. Paysafecard.com Does Not Have a Regular and Established Place of Business in the Western District

Venue is improper for Paysafecard.com because it has no regular and established place of business in the Western District of Texas. To show that venue is appropriate, Wolverine must show that Paysafecard.com has a physical place in the Western District of Texas that is a regular established place of business and is a place of the defendant. *In re Cray*, 871 F.3d at 1360.

Wolverine cannot show that here, because: (1) neither address it relies on was active when the Complaint was filed; (2) neither address is in the Western District of Texas; and (3) neither address was the place of business of Paysafecard.com. In addition, a P.O. Box cannot serve as a regular and established place of business for establishing patent venue.

First, when analyzing a venue dispute, the Western District of Texas "look[s] only to the venue facts as they were at the time the complaint was filed." *GreatGigz Solutions, LLC v. ZipRecruiter, Inc.*, No. W-21-CV-00172-ADA, 2022 U.S. Dist. LEXIS 24670, at *11-12 (W.D. Tex. Feb. 11, 2022). Here, on the date the Complaint was filed, September 4, 2025, there was no physical place at all. At that time, both addresses cited by Wolverine were no longer in use. The Woodlands facility was closed over two years before, in July, 2023, and use of the P.O. Box was discontinued before the Complaint was filed. Ex. A at ¶¶ 5, 7.

Second, a fundamental aspect of the patent venue statute is that the physical location must be in the judicial district where the case is filed. 28 U.S.C.S. § 1400(b). Here, Wolverine continues to rely on two addresses in the *Southern* District of Texas despite filing its Complaint in the Western District of Texas. The Woodlands Facility is located at "1725 Hughes Landing Blvd., The Woodlands,[1] Texas 77380" – an address in Montgomery County, Texas. The P.O. Box is located at "P.O. Box 8339, The Woodlands, TX 77387-8339" – also an address in Montgomery County, Texas. Montgomery County is in the Southern District of Texas, not the Western District of Texas. https://www.txs.uscourts.gov/offices/houston-division. Wolverine cannot rely on two out of district addresses to support that venue in proper in this district.

Third, to support a venue allegation, the alleged places of business must be the place of the

---

[1] Wolverine inaccurately lists the city associated with this address as Spring, Texas. However, even if this address was in Spring, Texas that would be insufficient to convey venue. Spring Texas is located in Harris County, which is also part of the Southern District of Texas. https://www.txs.uscourts.gov/offices/houston-division.

7

Defendant. "For the physical places to be considered the defendant's place of business there must be an employee or agent of the defendant conducting the defendant's business at that location." *S3G Technology LLC. v. Domino's Pizza LLC*, No. 6:24-CV-00395-OLG-DTG, 2025 U.S. Dist. LEXIS 195516, at *5 (W.D. Tex. Sep. 3, 2025). Paysafecard.com has no employees in the Western District of Texas. Ex. A at ¶ 8. Neither former address listed by Wolverine in the Complaint were owned or operated by Paysafecard.com, both were associated with its sister company, Paysafe Payment Processing Solutions LLC. *Id*. at ¶¶ 4, 6. Wolverine makes no assertion in its Complaint that Paysafe Payment Processing Solutions LLC has any employees working at the addresses, nor can it since both are closed. In addition, Wolverine makes no assertion that any person at Paysafe Payment Processing Solutions LLC was acting as an agent of Paysafecard.com. Moreover, a P.O. Box cannot be used to establish patent venue because there are no employees or agents of Paysafecard.com that work at the P.O. Box location, and the employees who do work there are not conducting the business of Paysafecard.com, they are conducting the business of a P.O. Box provider. *See S3G Technology LLC. v. Domino's Pizza LLC*, No. 6:24-CV-00395-OLG-DTG, 2025 U.S. Dist. LEXIS 195516, at *5 (W.D. Tex. Sep. 3, 2025) (finding a franchise insufficient for venue); *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020) (finding servers owned by Google but run by an ISP insufficient for venue). Therefore, Wolverine has not sufficiently alleged that the locations are considered Paysafecard.com's place of business.

Finally, Wolverine includes some irrelevant, boilerplate, catch-all language in its venue assertion in the Complaint. FAC at ¶ 5. Specifically, Wolverine alleges that venue is "proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial

8

revenue from goods and services provided to individuals in Texas and this District." *Id*. However, none of those factors are relevant to the analysis of proper venue in a patent case. Venue in a patent case can ***only*** be found where defendant: (1) "resides;" or (2) "has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Doing business in the district cannot, by itself, support a finding of venue in a patent case. *In re Cray*, 871 F.3d at 1361.

Wolverine cannot establish proper venue for Paysafecard.com in the Western District based on two closed addresses in the Southern District of Texas that were never associated with Paysafecard.com. Therefore, venue is improper here.

### V. CONCLUSION

For the foregoing reasons, Paysafecard.com respectfully requests that this Court grant its motion and dismiss Wolverine's Complaint in its entirety.

| | |
|---|---|
| Dated: December 9, 2025 | Respectfully submitted, |
| | HILGERS PLLC |
| | By: */s/ Jon Hyland*<br>Jon B. Hyland<br>Texas State Bar No. 24046131<br>Telephone: 972-645-3097<br>jhyland@hilgerslaw.com |
| | Susan O'Brien (*Pro Hac Vice*)<br>Illinois State Bar No. 6324425<br>Telephone: 201-649-7207<br>sobrien@hilgerslaw.com |
| | 8750 N Central Expy., Suite 750<br>Dallas, TX 75231<br>Fax: 402-413-1880 |
| | **ATTORNEYS FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2025 a true and correct copy of the foregoing was served in accordance with Federal Rule of Civil Procedure 5.

*/s/ Jon Hyland*
Jon Hyland
